**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NYDIA VAZQUEZ,

                Plaintiff,

v.                                                    Case No. 6:16-cv-1533-Orl-37TBS

PROFESSIONAL BUREAU OF
COLLECTIONS OF MARYLAND, INC.,

                Defendant.

---

## ORDER

This cause is before the Court on the following:

1.    Defendant's Dispositive Motion to Dismiss With Prejudice (Doc. 12), filed September 6, 2016;

2.    Plaintiff's Response to Defendant's Motion to Dismiss Complaint (Doc. 17, filed September 23, 2016); and

3.    Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 21), filed November 14, 2016.

## BACKGROUND

On August 29, 2016, Nydia Vazquez ("**Plaintiff**") initiated this action against Professional Bureau of Collections of Maryland ("**Defendant**"). (Doc. 2, ¶¶ 6–10.) Plaintiff asserts a single claim under the Federal Fair Debt Collection Practices Act ("**FDCPA**"), for violation of 15 U.S.C. § 1692c(c), which prohibits "debt collectors" from attempting to collect consumer debt after the consumer disputes and refuses to pay the debt. (*See id.* ¶¶ 18–23.) Defendant moved to dismiss the Complaint with prejudice (Doc. 12), Plaintiff responded (Doc. 17), and Defendant filed an authorized reply (Doc. 21). The matter is

now ripe for adjudication.

## LEGAL STANDARDS

### I.    Federal Rules of Civil Procedure

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth the minimum requirements for complaints filed in this Court. In particular, complaints: (1) must include "short and plain" statements of the basis for jurisdiction and the pleader's claims; and (2) must be organized in "numbered paragraphs each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also* Local Rules 1.05, 1.06. Exhibits attached to a pleading are part of the pleading "for all purposes." *See* Fed. R. Civ. P. 10(c).

Failure to fulfill minimum pleading requirements may be raised in a motion to dismiss pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To defeat a Rule 12(b)(6) motion, a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. 544, 570 (2007). In assessing plausibility, the Court must accept the factual allegations as true, and it may consider documents attached to the complaint as exhibits. *See Iqbal*, 556 U.S. at 678; *Telltabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference"); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *See Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

**DISCUSSION**

According to the four-page Complaint and the three attached exhibits:
(1) Defendant sent Plaintiff a debt collection notice in January 2016 concerning a
consumer debt ("**Debt**") (*see* Doc. 2-1 ("**January Notice**")); (2) Plaintiff responded to the
January Notice with a handwritten note disputing the Debt (Doc. 2-2 ("**Dispute Notice**"));
and (3) Defendant then sent correspondence to Plaintiff, which provided:

(Doc. 2-3 ("**June Offer**")). Arguing that this June Offer is a facially permissible communication under the FDCPA and any amendment to the Complaint would be futile, Defendant moved to dismiss Plaintiff's claim with prejudice. (Doc. 12.)

To prevail on a FDCPA claim, a plaintiff must adequately plead and ultimately prove three elements: (1) the plaintiff has been "the object of collection activity arising from consumer debt"; (2) "the defendant is a debt collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-CV-101-J-12MCR, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013).

Unless one of three exceptions applies, the FDCPA prohibits debt collectors from communicating with a consumer concerning a debt after the "consumer notifies [the] debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." *See* 15 U.S.C. § 1692c(c). The three exceptions are for communications sent:

(1)     to advise the consumer that the debt collector's further efforts are being terminated;

(2)     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3)     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

*Id.* An unequivocal and non-coercive offer to settle a disputed debt for a definite reduced amount is a "specified" remedy "ordinarily invoked" by a debt collector. *See Smith v. ARS Nat'l Servs., Inc.*, 102 F.Supp.3d 1276, 1279–81 (M.D. Fla. 2015); *see also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("A settlement offer is . . . a 'specified

remedy.'"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 395 (6th Cir. 1998) (holding that non-coercive settlement offers are excepted communications under § 1692c(c)).

This Court has previously noted that the question whether a particular communication is a permissible settlement offer is normally resolved at the summary judgment stage. *See Schwarz v. Portfolio Recovery Assocs., LLC*, No. 6:15-cv-1691-Orl-37-GJK, 2016 WL 1169249, at *2 (M.D. Fla. Mar. 24, 2016) (denying motion to dismiss); *Smith*, 102 F.Supp.3d at 1279–81 (same). Nonetheless, the issue may be resolved at the pleading stage where—read from the perspective of "least sophisticated consumer"—no plausible inference of wrongdoing can be drawn from the face of the correspondence at issue and the well-pled allegations of the complaint. *See Flores v. Collection Consultants of Cal.*, No. SA CV 14-0771-DOC, 2015 WL 4254032, at *2 (C.D. Cal. March 20, 2015); *Garcia v. Gurstel Chargo, P.A.*, No. 2:13-cv-1930 JWS, 2013 WL 4478919, at *4–*5 (D. Az. Aug. 21, 2013); *see also Starosta v. MBNA Am. Bank, N.A.*, 244 F. App'x 939, 941–42 (11th Cir. 2007) (affirming dismissal of FDCPA claim based on compliant communication); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (noting that courts should dismiss a complaint where the plaintiff's pleading rests on the text of an attached communication that is facially compliant with the FDCPA).

Here, the June Offer is facially compliant with the FDCPA as it is a straightforward and unequivocal offer to settle the disputed Debt for a definite amount. (*See* Doc. 2-3.) Plaintiff is invited to accept the offer by simply paying the specified amount—no further communication or negotiation is invited. (*See id.*) Under such circumstances, even the least sophisticated consumer would read the June Offer as an actual invocation of a

specified remedy. Further, the Complaint itself includes no well-pled factual allegations that Defendant engaged in any allegedly wrongful conduct aside from sending Plaintiff the June Offer. (*See* Doc. 2.) Accordingly, the Court finds that the Complaint is due to be dismissed without prejudice.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Dispositive Motion to Dismiss With Prejudice (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**.

   a. The Motion (Doc. 12) is **DENIED** to the extent it seeks dismissal of the Complaint with prejudice.

   b. The Motion (Doc. 12) is **GRANTED** to the extent it seeks dismissal of the Complaint without prejudice.

2. The Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **December 2, 2016**, Plaintiff is granted leave to file an Amended Complaint.

4. Failure to file an Amended Complaint in the time set by this Order will result in dismissal of this action and closure of the file without further notice to the parties.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 17, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record